By the Court.
It nearly concerns the administration of justice, that witnesses should be free from every kind of bias. It is true, that Scull has no positive promise of a reward ; but, we think, the expectation which he acknowledges, in case the goods shall be condemned, must create such an influence in his mind, as renders it improper for him to give testimony on this occasion.
Lewis offered in evidence a pass from a justice of New Jersey, permitting the goods in question to be conveyed through that state.
Sergeant objected, that the pass of a justice of New Jersey, could not be given in evidence to defeat an act of the legislature of Pennsylvania.
To this, Lewis replied, that it was offered merely to obviate any imputation of fraud in concealing it. But—
By the Court, it was declared, that the pass was not admissible as evidence. (b)

 Upon the principal point determined in this case, viz., the incompetency of the witness offered, there has been some fluctuation of opinion. In the case of Innis v. Miller (2 Dall. 50), a creditor of the defendant, who stated, that he expected, if the de *60 fendant recovered, to be paid at least a part of his debt, was rejected, the court saying, “ Although a creditor is not excluded from giving testimony, as such, yet, if he acknowledge an expectation that he shall be bettered by the fate of the cause (as in the case of McVeaugh v. Goods, which was properly ruled), he is sensible of a positive interest, that must give a bias to his mind.” Recent deoisions, however, in this state, have gone far to shake the authority of both diese cases. In Miles v. O’Hara (1 S. & R. 32), an attorney was held to be competent, although he admitted that he expected to receive a larger fee, in case his client recovered. In Fernsler v. Carlin (3 S. & R. 130), a witness who had expressed his belief that what should be recovered from the defendant would be deducted out or the fortune of the wife of the witness, was held nevertheless to be competent. The case of McVeaugh v. Goods was cited on this argument, and according to a MS. note with which I have been favored by Mr. Ingraham, the court expressed strong doubt of the propriety of the decision, although this doubt does not appear in the printed report. In Long v. Bailie (4 S. & R. 222), it was expressly decided, that it was not sufficient to exclude a witness, that he believed himself to be interested, if he was not so in point of fact, or that he was under an honorary engagement which could not be enforced at law. McVeaugh v. Goods, and Innis v. Miller, were cited by C. J. Tilghman, in the course of his opinion, and he expressed his dissent from the rule laid down by Lord Holt in Fotheringham v. Greenwood (1 Str. 129), upon the authority of which M’Veaugh v. Goods was decided. In each of the three recent cases (Miles v. O’Hara, Fernsler v. Carlin, and Long v. Bailie), C. J. Tilghman adopting the reasoning of Mr. Sergeant, in the text, compared the case of the witness to that of a child who expects to be benefited by the increase of his parent’s estate, but is nevertheless a competent witness. See also Harris v. Smith, 3 S. & R. 23; Lewis v. Manly, 2 Yeates 200; Henry v. Morgan, 2 Binn. 497; Pollock v. Gillespie, 2 Yeates 129, and Ludlow v. Union Ins. Co., 2 S. & R. 119, 132.